Nigel Anthony ROSE, Petitioner,

v.

Eric H. HOLDER, Jr.,* United States Attorney General, Respondent.

No. 08–1904–ag.

United States Court of Appeals, Second Circuit.

Feb. 17, 2009.

Nigel Anthony Rose, pro se.

Carmel A. Morgan, Office of Immigration Litigation, Civil Division, (Gregory G. Katsas, Assistant Attorney General, Civil Division, and Barry J. Pettianato, Assistant Director, on the brief), U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN, District Judge.**

## SUMMARY ORDER

Petitioner Nigel Anthony Rose ("petitioner" or "Rose"), *pro se,* seeks review of a February 20, 2008 order of the Board of Immigration Appeals ("BIA"), affirming an October 10, 2007 finding by an Immigration Judge ("IJ") that petitioner was re-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as a defendant-appellee in this case.

movable as charged and that he was ineligible for any relief from removal, including voluntary departure. The IJ's findings rested on Rose's own admission that, *inter alia*, (1) he had remained in the United States for longer than authorized, in violation of § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), (2) he had been convicted of a crime involving moral turpitude within five years of admission for which a one year or more sentence could be imposed, in violation of INA § 237(a)(2)(A)(i), and (3) he had been convicted of a crime related to a controlled substance, in violation of INA § 237(a)(2)(B)(i). We assume the parties' familiarity with the remaining factual and procedural history of the case.

There is a factual dispute about the timeliness of Rose's petition for review. Even if we assume that Rose's petition was timely filed and thus that we have jurisdiction to review it, *see Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir.2004) (assuming hypothetical jurisdiction), we conclude that Rose's petition for review must still be denied.

With respect to the order of removal, "[a]t least in the absence of constitutional or legal issues, we do not have jurisdiction to review final orders of removal against aliens deemed by the BIA to be removable because they were convicted of a specified criminal offense, including, *inter alia*, [a] ... controlled substance violation." *Noble v. Keisler*, 505 F.3d 73, 77 (2d Cir.2007). Rose's arguments on appeal regarding legal error were not raised before the BIA, and accordingly, we decline to review them. *See Zhong v. U.S. Dept. of Justice*, 480 F.3d 104, 107 (2d Cir.2007). We further conclude that any constitutional claims raised by Rose, to the extent previously raised, are without merit.

To the extent that petitioner challenges the denial of his request for voluntary departure, we lack jurisdiction to consider his claim. *See* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure. . . .").

Finally, to the extent Rose raises any other arguments, we again decline to review them because they were not raised in the proceedings below. *See Zhong*, 480 F.3d at 107.

For the forgoing reasons, the petition for review is **DENIED**.